**Shan Zhi LIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Docket No. 03–4232.**

United States Court of Appeals, Second Circuit.

Aug. 29, 2005.

Peter D. Lobel, New York, NY, for Petitioner.

E. Bryan Wilson, Assistant United States Attorney (Gregory R. Miller, United States Attorney for the Northern District of Florida, on the brief), Tallahassee, FL., for Respondent.

Present: WALKER, Chief Judge, JACOBS, and HALL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the Board of Immigration Appeals be and it hereby is **AFFIRMED** and the petition is **DENIED.**

Petitioner Shan Zhi Lin seeks review of a January 10, 2003, Board of Immigration Appeals ("BIA") order affirming the May 23, 2001, decision of an immigration judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), and ordering him removed from the United States. In his petition, Lin argues that the BIA erred in determining that he was ineligible for asylum and withholding of removal because he did not present detailed, consistent, and corroborated evidence that his wife was forcibly sterilized by the Chinese government. Familiarity with the facts and procedural history is assumed. We affirm and deny Lin's petition.

Where the BIA has adopted the reasoning of the IJ or affirmed without opinion, we may review the IJ's opinion directly. See Secaida–Rosales v. INS, 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings regarding eligibility for asylum and withholding of removal under a "substantial evidence" standard. Zhang v. U.S. INS, 386 F.3d 66, 73 (2d Cir.2004). Under this standard, such findings are "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." Id. at 73 n. 7 (quoting 8 U.S.C. § 1252(b)(4)(B); noting that the statute codifies the substantial evidence standard of review). We accord "particular deference" to the IJ's credibility determinations. Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003) (internal quotation marks omitted).

The IJ rejected Lin's claims that he has been subject to past persecution based on his alleged brief detainment by the Chinese government or that his wife was subjected to forced sterilization and past persecution, and that Lin had a well-founded fear of future persecution. We affirm the BIA's order because we find that the IJ's credibility determinations are supported by substantial evidence. In its decision, the IJ noted several significant inconsistencies in Lin's testimony and documentary evidence. For example, Lin claimed that he had been detained for one night in his asylum application, but at the hearing he asserted that he was held for two. Lin also testified that his wife had been forcibly sterilized, but that he was somehow able to take her home on his bicycle just three hours after the invasive procedure, which required anaesthesia. The IJ also reasonably questioned the origin of the related documents. Lin could not explain how he came into possession of the sterilization certificate. Similarly, Lin's testimony concerning the x-rays of his wife's procedure was less than convincing. Given that Lin allegedly owed a fine to the government, he could not explain how or why his wife was able to obtain these x-rays from the same officials. Lin also offered no explanation for why his children were registered in the household registration booklet. Finally, as to his fear of future persecution, Lin was unable convincingly to explain why he himself fears returning to China when his wife and children remain there with a fine still due to the government.

We have carefully considered Lin's remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** and the petition for review is **DENIED**.